UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60128-CR-DIMITROULEAS/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DEGGORY RYAN CLARK,

    Defendant.
_____/

**MOTION TO SEVER DEFENDANT DEGGORY RYAN CLARK FROM JOINT TRIAL**

COMES NOW, the Defendant, Deggory Ryan Clark, by and through undersigned counsel, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure and respectfully moves this Honorable Court to sever his trial from that of his co-defendants in the above-captioned matter. In support of this motion, the Defendant states as follows:

### I. BACKGROUND

Deggory Ryan Clark is one of six defendants named in a multi-count indictment, returned on June 5, 2025, centered on the "Zone 10" group, in connection with an alleged conspiracy to distribute controlled substances (Count 1), with additional distribution and firearm offenses attributed to various co-defendants individually. Mr. Clark is specifically charged in:

1

> Count 1: Conspiracy to distribute controlled substances under 21 U.S.C. § 846 and 841(b)(1)(B)(iii);
>
> Count 11: Possession with intent to distribute controlled substances jointly with co-defendant Chad Clark;
>
> Count 12: Felon in possession of a firearm (18 U.S.C. § 922(g)(1));
>
> Count 13: Possession of a firearm in furtherance of a drug trafficking crime (*Id.* § 924(c)).

The remaining co-defendants are charged in multiple additional distribution counts and in numerous overlapping events and controlled purchases not involving Deggory Clark.

## II. LEGAL STANDARD

Under Rule 8(b), joinder of defendants is proper where they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. However, Rule 14(a) authorizes the Court to sever trials "[i]f the joinder of ... defendants in an indictment ... appears to prejudice a defendant or the government."

The court should grant severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534 (1993).

## III. ARGUMENT

**A. The Evidence Against Co-Defendants Is Vastly More Prejudicial and Unrelated to Mr. Clark**

Deggory Clark is not named in any of the controlled buys (Counts 2–9), and his alleged criminal conduct is temporally and factually isolated from those events. Most co-defendants are linked to an ongoing series of controlled drug transactions at 817 NW 10th Street ("Target Residence 1") during February–April 2025, while Mr. Clark was arrested at a different location (4145 SW 19th St., "Target Residence 2") and allegedly involved only in a May 12, 2025 search where drugs and a firearm were recovered.

Trying Mr. Clark alongside defendants for whom the government will present evidence of eight separate controlled purchases, extensive phone tracking, and gang-related surveillance creates an unacceptable risk that the jury will conflate the evidence. The spillover effect would severely prejudice Mr. Clark, who was not involved in those transactions and who had no apparent role in managing or directing gang activity.

**B. The Defenses Are Mutually Antagonistic**

It is anticipated that co-defendants will present defenses that shift blame to others present at the drug residences. A joint trial invites a scenario in which co-defendants may seek to implicate Deggory Clark as the party responsible for contraband recovered from Target Residence 2 based on mere presence. Such

3

defenses are mutually antagonistic and could compel Mr. Clark to confront inculpatory accusations from co-defendants, violating his Sixth Amendment rights.

### C. A Limiting Instruction Would Be Insufficient

This trial involves vastly different degrees of culpability and complex, overlapping evidence related to a large drug-trafficking organization. A limiting instruction will not adequately cure the prejudice.

### IV. CONCLUSION

For the foregoing reasons, Defendant Deggory Ryan Clark respectfully requests that this Court sever his case from that of his co-defendants and grant him a separate trial to ensure his right to a fair adjudication of the charges against him.

> Respectfully submitted,
>
> HECTOR A. DOPICO
> FEDERAL PUBLIC DEFENDER
>
> By:   s/ *Allari Dominguez*
> Assistant Federal Public Defender
> Florida Bar No. 98383
> One East Broward Boulevard, Suite 1100
> Fort Lauderdale, Florida 33301-1842
> Tel: 954-356-7436
> E-Mail: Allari_Dominguez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/ *Allari Dominguez*, AFPD