UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60128-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

DEGGORY RYAN CLARK,

     Defendant.

_____/

## DEFENDANT DEGGORY RYAN CLARK'S REPLY IN SUPPORT OF MOTION TO SEVER

COMES NOW the Defendant, DEGGORY RYAN CLARK, by and through undersigned counsel, and files this Reply to the Government's Response in Opposition to Defendant's Motion to Sever (ECF No. 92). In further support, Mr. Clark states the following:

### I. INTRODUCTION

The Government's opposition glosses over the profound evidentiary disparity and timing gaps in Mr. Clark's alleged involvement relative to his co-defendants. Mr. Clark had been released from state prison on May 3, 2025, only <u>eight days</u> before the execution of the warrant that resulted

1

in his arrest. Prior to that date, he was serving a sentence for an unrelated offense and was not physically or communicatively capable of participating in the conspiracy alleged in the indictment.

Nonetheless, the Government seeks to try Mr. Clark alongside defendants, including his brother Chad Clark, who are the subject of surveillance, controlled buys, pole camera footage, and trap phone activity beginning in January 2025, several months before Mr. Clark's release.

## II. SEVERANCE IS REQUIRED UNDER ZAFIRO V. UNITED STATES

The Supreme Court in *Zafiro v. United States*, 506 U.S. 534 (1993), held that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" That risk is unmistakably present here.

Mr. Clark had no involvement in the conspiracy during the vast majority of the Government's investigation. All surveillance, confidential informant activity, and pole camera footage used to establish the

conspiracy from January 2025 through May 3, 2025 is technically admissible against Mr. Clark's co-defendants but not against Mr. Clark because he was incarcerated for an unrelated crime during that entire period. To try him alongside defendants for whom that evidence is directly probative will impermissibly blur the jury's ability to separate the limited and circumstantial case against Mr. Clark from the strong case against his co-defendants.

As the *Zafiro* Court cautioned, "The risk that evidence of a codefendant's wrongdoing could erroneously lead a jury to conclude that a defendant was guilty could constitute the type of serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence which could warrant a severance." That is precisely the danger present here.

Moreover, Mr. Clark's circumstances perfectly match the heightened concern identified in *Zafiro*, where the Court warned that "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice that

a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence is heightened." The Government's evidence against Chad Clark and other co-defendants spans months and includes controlled sales, surveillance footage, cell phone data, and informant interactions. In contrast, Mr. Clark is not implicated in any of these events and is, at most, alleged to have been present at a single location shortly after his release from custody.

### III. THE EVIDENCE AGAINST CO-DEFENDANTS WILL BE INADMISSIBLE AGAINST MR. CLARK

The Government's presentation at a joint trial would necessarily include large volumes of evidence such as audio recordings, informant communications, pole camera video, and prior surveillance from before May 3, 2025. This evidence has no relevance to Mr. Clark. The overwhelming majority of it is probative only of the co-defendants' guilt and would be inadmissible against Mr. Clark at a separate trial. As *Zafiro* further explains (emphasis added), "Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant

might present a risk of prejudice from a joint trial which would warrant severance."

There is no practical way a jury could fairly evaluate Mr. Clark's guilt or innocence without being prejudiced by months of evidence directed solely at others. Even with limiting instructions, the danger remains that the jury will impute to Mr. Clark the cumulative wrongdoing of his brother and others based on proximity, family relationship, or shared residence rather than on actual evidence of Mr. Clark's conduct.

## IV. CONCLUSION

Deggory Ryan Clark's alleged conduct, limited to a brief post-release period with no direct ties to the Government's core conspiracy evidence, is fundamentally different in nature and scope from that of his co-defendants. The Government's evidence against those co-defendants, including controlled buys, confidential informant transactions, and trap phone analysis, is not admissible against Mr. Clark and has no connection to him. To force him to trial alongside those individuals under

these circumstances would violate the principles articulated in *Zafiro* and deprive him of a fair trial.

WHEREFORE, Defendant Deggory Ryan Clark respectfully requests that the Court grant his Motion to Sever and order that he be tried separately from his co-defendants.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By:   s/ ***Allari Dominguez***
Assistant Federal Public Defender
Florida Bar No. 98383
One East Broward Boulevard,
Suite 1100
Fort Lauderdale, Florida 33301-1842
Tel: 954-356-7436
E-Mail: Allari_Dominguez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   s/ ***Allari Dominguez***, AFPD

7