UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60128-CR-DIMITROULEAS/HUNT

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DEGGORY RYAN CLARK,

    Defendant.
_____/

**DEFENDANT DEGGORY RYAN CLARK'S
MOTION IN LIMINE TO EXCLUDE OR LIMIT EVIDENCE**

Defendant Deggory Ryan Clark, by and through undersigned counsel, respectfully moves this Honorable Court to enter an order excluding or limiting the following categories of evidence the government intends to introduce at trial, pursuant to Rules 401, 403, 404, and 701 of the Federal Rules of Evidence. In support, Mr. Clark states as follows:

**I. MOTION TO EXCLUDE DRUGS SEIZED PRIOR TO MAY 3, 2025 (EXHIBITS 5c–5j)**

Mr. Clark was incarcerated in state custody until May 3, 2025. Exhibits 5c through 5j relate to drug seizures allegedly made at or near the Hallandale Beach residence prior to that date. These items bear no connection to Mr. Clark and predate his release from prison.

1

Under FRE 401, this evidence is irrelevant to whether Mr. Clark possessed drugs or firearms after May 3, 2025. Under FRE 403, any minimal probative value is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury.

The Court should exclude Exhibits 5c through 5j as irrelevant and prejudicial.

## II. MOTION TO EXCLUDE OR LIMIT POLE CAMERA FOOTAGE AND RING CAMERA FOOTAGE (EXHIBITS 13–15 & 26)

The government seeks to introduce surveillance footage purportedly showing Mr. Clark outside a residence associated with narcotics activity and footage of random people walking past a neighbors home towards the West Park residence. This footage does not depict Mr. Clark engaging in any illegal act, nor does it show him in possession of contraband. Rather, it captures brief, non-criminal appearances in a public space.

The footage is of limited relevance (FRE 401) and risks improper inference of guilt by association. It is highly prejudicial under FRE 403, inviting the jury to speculate that mere presence implies criminal conduct. Any attempt by the government to characterize the footage as depicting a "drug transaction" without corroboration is speculative and violates FRE 701.

The Court should exclude this footage or, in the alternative, prohibit the government from describing it as evidence of criminal activity unless independently corroborated.

**III. MOTION TO EXCLUDE STILL FRAME FROM MUSIC VIDEO (EXHIBIT 24)**

The government lists as an exhibit a still frame from a music video allegedly involving Mr. Clark. This material is not connected to the charged offense and serves no legitimate evidentiary purpose.

The video is unduly prejudicial, likely to inflame the jury and distract from the facts. Under FRE 404(b), it constitutes improper character evidence, designed to suggest guilt based on association or lifestyle.

The Court should exclude Exhibit 24 in its entirety as irrelevant, prejudicial, and improper character evidence.

## CONCLUSION

For the foregoing reasons, Mr. Clark respectfully requests that the Court grant these motions in limine and enter appropriate orders excluding Exhibits 5c–5j, 13–15, 26, and 24, or limiting their use as outlined above.

    Respectfully submitted,

    HECTOR A. DOPICO
    FEDERAL PUBLIC DEFENDER

By:    s/ *Allari Dominguez*
    Assistant Federal Public Defender
    Florida Bar No. 98383
    One East Broward Boulevard, Suite 1100
    Fort Lauderdale, Florida 33301-1842
    Tel: 954-356-7436
    E-Mail: Allari_Dominguez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   s/ *Allari Dominguez*, AFPD