UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-60128-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DEGGORY RYAN CLARK,

    Defendant.
    _____/

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, through undersigned counsel, respectfully submits this memorandum in aid of sentencing. Mr. Clark has entered a guilty plea to Count 11 of the indictment, possession with intent to distribute *less than 28 grams* of crack cocaine [DE 106]. The parties have jointly agreed to recommend a sentence of thirty-six months' imprisonment, and for the reasons that follow, this Court should adopt that recommendation.

The Presentence Investigation Report as written overstates Mr. Clark's culpability in several important respects. First, the report includes a two-level firearm enhancement under U.S.S.G. §2D1.1(b)(1). This enhancement is not warranted. Mr. Clark did not plead guilty to any firearm charge, and the firearm count is being dismissed. The Ruger handgun discovered in the apartment was never shown to be under his possession or control, and DNA testing did not tie him to the

weapon. Without a reliable showing that Mr. Clark personally possessed or had access to that weapon, the enhancement should not apply.

Second, the PSI attributes 233.47 kilograms converted drug weight to Mr. Clark, incorporating marijuana gummies and powder cocaine. This calculation exceeds both the factual basis for the plea and the statutory limits of Count 11. Mr. Clark pled guilty to possession with intent to distribute less than 28 grams of crack cocaine. The additional substances were not part of the plea. The drug weight should therefore be reduced to reflect only the offense of conviction.

Third, while the PSI correctly notes that there is no formal written plea agreement, it omits the fact that the parties have entered into an oral agreement to recommend a thirty-six month sentence. That agreement was placed on the record during the change of plea hearing. The PSI should be revised to reflect this oral agreement, as it provides important context for the Court's sentencing decision.

With these corrections, Mr. Clark's guideline calculation is as follows. The base offense level for less than 28 grams of cocaine base is 12. No enhancement applies if the court sustains the objection to the firearm enhancement. After a two-level reduction for acceptance of responsibility, the total offense level is 10. With a Criminal History Category of III, the resulting guideline range is 10 to 16 months. If the court overrules the objection to the firearm enhancement, the resulting guideline range is 15 to 21 months. The joint recommendation of thirty-six months is therefore well above the corrected guideline range.

When viewed under the factors set forth in 18 U.S.C. §3553(a), the joint recommendation is both reasonable and appropriate. The nature and circumstances of the offense, as narrowed by the plea, reflect a relatively small possession offense. Mr. Clark has accepted responsibility and spared further use of judicial resources. A thirty-six-month sentence promotes respect for the law, provides just punishment, and affords adequate deterrence while also avoiding unwarranted disparities with similarly situated defendants who pled to lesser included drug offenses.

For these reasons, the Court should sustain the objections to the PSI, adopt the corrections outlined above, and impose a sentence of thirty-six months' imprisonment in accordance with the joint recommendation of the parties.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: /s/ *Allari Dominguez*
Allari Dominguez
Assistant Federal Public Defender
Florida Bar No.: 98383
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: 954-356-7436
E-Mail: Allari_Dominguez@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY certify that on September 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

                                                /s/ *Allari Dominguez, AFPD*
                                                Attorney for Defendant